UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

In the Matter of the Complaint of F/V
Mary B II LLC as owner of MARY B II (No.
274604), Petition for Exoneration from or
Limitation of Liability.

Case No. 6:19-cv-00233-MC

**OPINION AND ORDER**

**MCSHANE, Judge**:

This action arises from the sinking of the MARY II B on January 8, 2019. Shortly after its sinking, F/V Mary B II LLC, as owner of the MARY B II, filed a complaint in this Court seeking exoneration from or limitation of liability for all claims arising out of or in connection with the sinking.[1] F/V Mary B II LLC now moves the Court for an order (1) authorizing the Clerk of Court to deposit $500 into the registry as security for costs, (2) enjoining further prosecution of any other action or proceeding against the F/V Mary B II LLC or its property arising out of or in connection with the sinking of the MARY B II, and (3) directing issuance of a notice to all potential claimants that their claims must be filed in this Court within forty-five days. Because F/V Mary B II LLC filed its Complaint within the six-month statute of limitations, and because it has already deposited $500 with the Court as security for costs, F/V Mary B II LLC's Motion for Order Authorizing Clerk to Deposit Funds, Granting an Injunction Restraining Prosecution of Any Claims Arising Out of or in Connection with Voyage that

---

[1] To distinguish between the vessel and its owner, the Court uses all capital letters when referring to the vessel (i.e., "MARY B II").

Page 1 – OPINION AND ORDER

Concluded with the January 8, 2019 Sinking of MARY B II, and Directing Issuance of Notice and Publication Thereof ("Motion") is GRANTED in part.[2]

## BACKGROUND

The MARY B II was a forty-two-foot wood hulled commercial fishing vessel. Compl. ¶ 4, ECF No. 1. The vessel began a voyage on January 7, 2019 with three crew members onboard. Compl. ¶ 6. On January 8, the MARY B II capsized, broke apart, and sank adjacent to the north jetty at Yaquina Bay, Oregon. Compl. ¶ 6. All three crew members died. Compl. ¶ 6.

On February 15, F/V Mary B II LLC, as owner of the MARY B II, filed a complaint pursuant to the Limitation of Liability Act ("LLA"), 46 U.S.C. §§ 30501-30512. Compl. ¶ 1. At the same time, Mary B II LLC filed the instant Motion pursuant to 46 U.S.C. § 30511, Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("SRA"), and Fed. R. Civ. P. 67(a). Motion 2-3, ECF No. 3.

In its Motion, F/V Mary B II LLC seeks an order (1) authorizing the Clerk of Court to deposit $500 into the registry as security for costs, (2) enjoining further prosecution of any other action or proceeding against F/V Mary B II LLC or its property arising out of or in connection with the sinking of the MARY B II, and (3) directing issuance of a notice to all potential claimants that their claims must be filed in this Court within forty-five days. Motion 1-2. F/V Mary B II LLC does not seek, nor could it seek at this juncture, a determination on the merits of its prayer for exoneration or limitation of liability.

## DISCUSSION

F/V Mary B II LLC is entitled to the requested injunction and notice. The LLA "allows a vessel owner to limit liability for damage or injury, occasioned without the owner's privity or

---

[2] Because the Court already issued an order authorizing F/V Mary B II LLC to deposit $500 with the Court, *see* Order to Deposit Funds, ECF No. 7, that portion of the Motion is denied as moot.

Page 2 – OPINION AND ORDER

knowledge, to the value of the vessel or the owner's interest in the vessel." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 439 (2001). In doing so, the statute "alters the normal rules of vicarious liability." *In re Aloha Jetski, LLC*, 920 F. Supp. 2d 1143, 1146 (D. Haw. 2013). Instead of being "vicariously liable for the full extent of any injuries caused by the negligence of the captain or crew employed to operate the ship, the owner's liability is limited to the value of the ship unless the owner himself had 'privity or knowledge' of the negligent acts." *In re City of New York*, 522 F.3d 279, 283 (2d Cir. 2008); *see also Otel Invs., Ltd. v. M/T Clary*, 673 F.3d 108, 115 (2d Cir. 2012) (holding that privity or knowledge may be "actual or constructive," but in either case must involve some "culpable participation or neglect of duty" by an owner).

Initially, the LLA allows the owner of a vessel to deposit with a district court, for the benefit of all claimants, "an amount that is the equivalent of their interest in the vessel." *In re Complaint of Ross Island Sand & Gravel*, 226 F. 3d 1015, 1017 (9th Cir. 2000). Once such a fund is established, the district court is the exclusive forum within which victims may litigate claims. 46 U.S.C. § 30511(c). All other "claims and proceedings against the owner related to the matter in question shall cease," *id.*, and the district court must "enjoin the further prosecution of any action or proceeding against the plaintiff or [her] property with respect to any claim subject to limitation in the action," SRA F(3). Ultimately, the district court determines "liability, the privity [or] knowledge of the shipowner, and if necessary, the distribution of the limitation fund" among claimants. *In re Complaint of S.F. Bar Pilots*, No. C05–02975 MJJ, 2006 WL 16879, at *1 (N.D. Cal. Jan. 3, 2006) (internal citations and quotations omitted).

A vessel owner is entitled to the LLA's far-reaching injunction and corresponding notice if she satisfies three requirements. First, a vessel owner must file her complaint not later than six months after receipt of a written claim. 46 U.S.C. § 305011; SRA F(1). Second, the owner must

deposit with the district court "an amount equal to the value of the owner's interest in the vessel and pending freight, or approved security." 46 U.S.C. § 305011; SRA F(1). The value of the vessel is determined "at the conclusion of its voyage." *Complaint of Caribbean Sea Transp., Ltd.*, 748 F.2d 622, 626 (11th Cir. 1984) (citation omitted). As such, if a vessel is a total loss, then the value of the owner's interest is zero. *Id.*; *see also* 2 Thomas J. Schoenbaum, *Admiralty and Maritime Law* § 15:9 (6th ed. 2018). Finally, a vessel owner must deposit with the district court "security for costs." SRA F(1). In the District of Oregon, the Local Rules of Admiralty Procedure ("LRA") fix the required security at $500. LRA 1020-2.

Here, F/V Mary B II LLC satisfies all three requirements. First, F/V Mary B II LLC has yet to receive written notice of any claims. Compl. ¶ 9. Its Complaint is therefore timely. *See In re Aramark Sports & Entm't Servs., LLC*, No. 2:09–CV–637–TC, 2010 WL 770065, at *1 (D. Utah Mar. 5, 2010) (holding that an action for limitation may be brought before a vessel owner receives written notice of any claims). Second, F/V Mary B II LLC represents that the MARY B II is a total loss and that the value of its interest in the vessel and pending freight is zero. Schones Decl. ¶¶ 3-5, ECF No. 4; *Ad Interim* Stipulation for Value, ECF No 2. As such, F/V Mary B II LLC is not required to deposit with the Court any funds as security for its interest in the MARY B II or the vessel's pending freight.[3] Finally, because F/V Mary B II LLC deposited $500 with the Court, it has furnished adequate security for costs. Notice of Payment, ECF No. 8. F/V Mary B II LLC is therefore entitled to the injunction and notice requested in its Motion.

---

[3] Pursuant to SRA F(7), "[a]ny claimant may by motion demand that the funds deposited in court or the security given by plaintiff be increased on the ground that they are less than the value of the plaintiff's interest in the vessel and pending fright." If such a motion is lodged, "the court shall cause due appraisement to be made of the value of plaintiff's interest in the vessel and pending freight; and if the court finds that the deposit or security is either insufficient or excessive it shall order its increase or reduction." SRA F(7). The *ex parte* representation of F/V Mary B II LLC as to the value of the MARY B II is therefore susceptible to later adversarial challenges.

## CONCLUSION

For the foregoing reasons, F/V Mary B II LLC's Motion, ECF No. 3, is GRANTED in part. The Court orders the following actions and relief.

- Pursuant to 46 U.S.C. § 30511 and SRA F(3), the prosecution of any and all suits, actions, or proceedings of any nature or description whatsoever against F/V Mary B II LLC, its agents, servants, or employees, or against the vessel MARY B II (NO. 274604), except in the instant proceeding, with respect to any claim arising out of or in connection with the voyage that concluded with the January 8, 2019 sinking of the MARY B II, is hereby stayed and restrained until such time as the Court determines whether to dissolve the injunction.

- Pursuant to SRA F(4) and LRA 1050, F/V Mary B II LLC shall arrange for the publication of a copy of the following Notice in the News-Times (Newport, Oregon). Starting the week of April 1, 2019, the Notice shall be published at least once per week for four consecutive weeks. When published, the Notice shall be reproduced in substantially the same form as set forth below, except that F/V Mary B II LLC shall modify the Notice to reflect that the date by which interested parties must file and serve any claims and/or answers is sixty days from the first date of publication.

**NOTICE OF ACTION BROUGHT FOR EXONERATION FROM OR LIMITATION OF LIABILITY: MARY B II**

Notice is hereby given that F/V MARY B II LLC, as owner and operator of the MARY B II (NO. 274604), a forty-two-foot wood hulled commercial fishing vessel, has filed a complaint pursuant to the Shipowner's Limitation of Liability Act, 46 U.S.C. §§ 30501-30512, claiming the right to exoneration from or limitation of liability for all claims against it for injury, death, or other damage arising out of or in connection with the voyage which concluded with the January 8, 2019 sinking of MARY B II off the north jetty at Yaquina Bay, Oregon.

All persons claiming damages for any and all loss, destruction, damage, injury, or death arising out of or connected with the voyage which concluded with the January 8, 2019 sinking of MARY B II must file their claims, consistent with Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, with the Clerk of Court for the U.S. District Court for the District of Oregon in the case identified as Civil Action No. 6:19-cv-00233-MC.

All such claims must be filed **on or before** _____, unless cause is shown for why the Court should extend the deadline. A copy of any such claims must also be served on F/V MARY B II LLC's attorney, W.L. Rivers Black, Nicoll Black & Feig, 1325 Fourth Ave., Suite 1650, Seattle, WA 98101, **on or before** _____, unless cause is shown for why the Court should extend the deadline. A claimant's failure to file and serve his or her claims **on or before** _____ may result in the default of such claims.

Separately, any claimant who wishes to contest the right of F/V MARY B II LLC to exoneration from liability or to limitation of liability must file and serve an answer to the F/V MARY B II LLC's Complaint, as required by Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, unless such answer is included as part of his or her claim. Any answer, whether included as part of a claim or presented separately, must be filed with the Clerk of Court and served on F/V MARY B II LLC's attorney at the address listed above **on or before** _____, unless cause is shown for why the Court should extend this deadline.

Pursuant to the Order issued by the U.S. District for the District of Oregon in Civil Action No. 6:19-cv-00233-MC on March 27, 2019, **and except as provided for above**, the prosecution of all suits, actions, or proceedings of any nature or description whatsoever against F/V MARY B II LLC, its agents, servants, or employees, or against the vessel MARY B II, with respect to any claim arising out of or in connection with the voyage that concluded with the January 8, 2019 sinking of the MARY B II, is enjoined.

This Notice is issued by the U.S. District Court for the District of Oregon pursuant to Rule F(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.

- Finally, on or before April 5, 2019, F/V MARY B II LLC shall mail copies of its Complaint and this Opinion and Order to: (1) the last known address of those persons reported to have been deceased as set forth in the Complaint, and to any attorneys known to represent them; and (2) to such other persons and other legal entities as are known to have any claim against F/V Mary B II LLC or MARY B II, and to any attorneys known to represent them.

IT IS SO ORDERED.

DATED this 27th day of March, 2019.

/s/ Michael McShane_____
Michael J. McShane
United States District Judge